IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:20-CR-022 |
| v. | ) ) ) | GOVERNMENT'S RESISTANCE |
| JAMAR LAWRENCE DANIELS, | ) ) | TO DEFENDANT'S MOTION TO SUPPRESS |
| Defendant. | ) ) | |

## INTRODUCTION

On February 19, 2020, a grand jury for the Southern District of Iowa returned a one-count Indictment, charging Defendant with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B).

On November 17, 2020, Defendant filed a motion to suppress. (DCD 27.) Defendant contends that the initial traffic stop of his vehicle lacked probable cause. Defendant requests the Court suppress the items seized from the subsequent search of his vehicle.

The Court should deny Defendant's motion.

## FACTS[1]

On the afternoon of January 22, 2020, Iowa State Trooper Baltes was conducting routine patrol on Interstate 80 eastbound. At the time, the roads were

---

[1] This section contains facts from law enforcement reports and recordings. Government's Exhibit 1 is a segment of dash camera footage. Exhibit 2 is the law enforcement report.

completely wet and slippery in many spots due to falling snow. *See generally*, Gov. Ex. 1; Defense Exhibit A. Traveling in front of Trooper Baltes was Defendant's white SUV. (Gov. Ex. 1.) In front of Defendant's vehicle was a semi-truck. *Id*. Both the SUV and the semi-truck appeared to be traveling at approximately 65 miles per hour. (Gov. Ex. 2.)

Trooper Baltes observed the semi-truck make a lane-change from the outside lane to the inside lane in order to avoid a stopped vehicle on the shoulder of the interstate. (Gov. Ex. 1 at 0:09). Defendant's SUV then also moved to the inside lane. (*Id*. at 0:10.) Trooper Baltes observed Defendant's SUV appear to accelerate as the semi-truck merged back to the outside lane. (*Id*. at 0:16.) Because of this, Trooper Baltes utilized his stopwatch to track the travel time between the two vehicles. (Gov. Ex. 2.) Trooper Baltes activated his stopwatch at approximately the moment when he observed the rear end of the semi-truck pass over the edge of a white broken center line, and stopped the stopwatch at approximately the moment when he observed the front end of Defendant's SUV pass the same point on the white broken center line. *Id*. Trooper Baltes' stopwatch indicated Defendant's SUV was traveling approximately 0.87 seconds behind the semi-truck. *Id*.

Trooper Baltes stopped Defendant's SUV for following the semi-truck too closely, in violation of Iowa law. Once Trooper Baltes approached Defendant, Trooper Baltes immediately smelled the odor of marijuana emanating from Defendant's vehicle. Pursuant to a probable cause search of Defendant's vehicle, law enforcement

1

seized approximately 47,089 grams of marijuana, as well as over approximately 200 pounds of marijuana edibles.

## ARGUMENT

I. **Probable cause supported the traffic stop of Defendant's vehicle.**

   A. **Legal standard**

A traffic stop is reasonable under the Fourth Amendment if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Herrera-Gonzales*, 474 F.3d 1105, 1109 (8th Cir. 2007) (citing *United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006)) (internal citations omitted); *see United States v. Andrews,* 454 F.3d 919, 921 (8th Cir.2006) ("Probable cause exists when a reasonable officer, confronted with the facts known to the officer at the time of the stop, could have believed that there was a fair probability that a violation of law had occurred."). "When an officer observes a traffic offense – however minor – he has probable cause to stop the driver of the vehicle." *United States v. Cummins*, 920 F.2d 498, 500 (8th Cir. 1990) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330 (1977)). Even where an officer makes a mistake in concluding that a traffic violation has occurred, the stop does not violate the Fourth Amendment if the mistake was objectively reasonable. *Herrera-Gonzales*, 474 F.3d at 1109.

   B. **Argument**

On January 22, 2020, at approximately 1:55pm, the roadways were completely wet as snow was falling. Defendant's vehicle and the semi-truck he was following

were traveling at approximately 65 miles per hour on the interstate. Because Trooper Baltes believed Defendant was traveling too closely to the semi-truck, he utilized his stopwatch to more accurately determine the distance between the vehicles. When using his stopwatch, Trooper Baltes learned that Defendant's vehicle was traveling approximately 0.87 seconds behind the semi-truck.

Trooper Baltes observed Defendant following too closely behind the semi-truck, which gave him probable cause to believe a traffic violation occurred, specifically a violation of Iowa Code § 321.307, which prohibits drivers from following vehicles "more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

The Eighth Circuit Court of Appeals has upheld the use of a "two-second rule" to determine if one vehicle is following another too closely, in violation of state law. *Andrews*, 454 F.3d at 922; *United States v. Lopez*, 564 F.3d 1001 (8th Cir. 2009). The Nebraska statute at issue in *Andrews* and *Lopez* prohibited "the driver of a motor vehicle to 'follow another vehicle more closely than is reasonable and prudent.'" *Lopez*, 564 F.3d at 1003 (citing Neb.Rev.Stat. § 60-6, 140(1)). In both *Lopez* and *Andrews*, Nebraska troopers applied a "two-second rule," which measures the time it takes two vehicles to pass the same fixed location. *Lopez*, 564 F.3d at 1002; *Andrews*, 454 F.3d at 921. The Court held that the "so-called 'two-second rule'…is a widely-used rule of thumb that accounts for the speed of traffic in a more reliable way than a distance-based heuristic." *Andrews*, 454 F.3d at 921-922.

3

In *Andrews*, the Court held that "when one car trails another by less than two seconds, an officer will generally have probable cause to believe that the trailing car is closer than what is reasonable and prudent. An even stronger inference of risk exists when the weather is inclement[.]" 454 F.3d at 922. Generally, other circuits to consider the two-second rule have agreed. *See United States v. Muriel,* 418 F.3d 720, 724 (7th Cir. 2005); *United States v. Nichols,* 374 F.3d 959, 965 (10th Cir. 2004), *vacated,* 543 U.S. 1113, 125 S.Ct. 1082, 160 L.Ed.2d 1054 (2005), *opinion affirming conviction reinstated and case remanded for resentencing,* 410 F.3d 1186, 1187 (10th Cir. 2005).

In *United States v. Holleman*, the district court for the Northern District of Iowa analyzed a traffic stop for a violation of Iowa Code § 321.307 that occurred during the day with no inclement weather. The court held that "a 'two-second rule' is a reasonable method for determining a safe distance between automobiles traveling at interstate speeds" under Iowa Code § 321.307. No. 12-CR-40-LRR, 2012 WL 6201748, at *4 (N.D. Iowa Dec. 12, 2012), *aff'd*, 743 F.3d 1152 (8th Cir. 2014). The court went on to hold that even though a two-second rule is not "enshrined in [Iowa] law," it is an objectively reasonable basis to believe a vehicle is following another too closely. *Id.* (citing *Andrews*, 454 F.3d at 921).

Additionally, the Iowa Driver's Manual contains the following advice regarding following too closely:

> Many accidents are caused by following the vehicle ahead too closely. You must be able to stop before hitting anything in front of you. Higher speeds require greater stopping distances. Keep this in mind when following another vehicle. The safest and easiest way to judge a safe following distance is to use the "Two-Second Rule."

4

> This will keep the vehicles in front of you far enough ahead that you will be able to stop within the assured clear distance ahead. The "Two-Second Rule" gives you about 1 1/2 car lengths between you and the car ahead of you for every 10 mph of speed you are traveling. If weather or road conditions are not ideal, use three seconds or more to be safe.

Iowa Dep't of Transp., Iowa Driver's Manual, 39 (2020), *available at* https://iowadot.gov/mvd/driverslicense/dlmanual/dlmanual.pdf [2]

Trooper Baltes was able to determine that Defendant was following the semi-truck well-below two seconds. Additionally, there were poor weather conditions, poor road conditions, and the vehicles were traveling at approximately 65 miles per hour on the interstate. These factors gave Trooper Baltes probable cause to stop Defendant for a violation of § 321.307.

**II.    The Court should deny the motion without an evidentiary hearing.**

On a motion to suppress, the Court should not hold an evidentiary hearing "as a matter of course," but only "if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in question, [and] an evidentiary hearing is required." *United States v. Losing,* 539 F.2d 1174, 1177 (8th Cir. 1976); *accord United States v. Lewis,* 40 F.3d 1325, 1332 (1st Cir. 1994). Here, the parties largely do not dispute the facts and the exhibits demonstrate Defendant's violation of Iowa law and the probable cause supporting his traffic stop.

---

[2] The Court may take judicial notice of the Iowa Driver's Manual. A Court may take judicial notice of "a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Holleman*, No. 12-CR-40-LRR, 2012 WL 6201748, at *4, n.3 (quoting Fed.R.Evid. 201(b)).

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court deny Defendant's motion to suppress.

                                                                             Respectfully submitted,

                                                                             Marc Krickbaum
                                                                             United States Attorney

By:   /s/ *Mallory E. Weiser*
       Mallory E. Weiser
       Special Assistant United States Attorney
       U.S. Courthouse Annex, Suite 286
       110 E. Court Avenue
       Des Moines, Iowa 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email: mallory.weiser@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2020, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

\_\_\_\_U.S. Mail  _____ Fax \_\_\_\_\_Hand Delivery

\_X\_\_ECF/Electronic filing  \_\_\_\_Other means
UNITED STATES ATTORNEY
By: */s/ Mallory E. Weiser*
   Special Assistant U.S. Attorney

6