IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:20-CR-022 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| JAMAR LAWRENCE DANIEL, | ) | MEMORANDUM |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

On February 19, 2020, a Grand Jury for the Southern District of Iowa returned an one-count Indictment charging the defendant, Jamar Lawrence Daniel, with possession with intent to distribute 100 kilograms or more of a mixture and substance containing marijuana, in violation of Title 21, United States Code, Section 841(a)(1), and 841(b)(1)(B). On January 4, 2021, Defendant plead guilty to a lesser-included offense of Count One. Specifically, the defendant pled guilty to possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and 841(b)(1)(D). On March 25, 2021, the government filed objections to the Presentence Investigation Report (PSR). On March 22, 2021, defense counsel filed objections. On April 27, 2021, the probation office filed a revised final PSR.

## ADVISORY GUIDELINES CALCULATION

**Guideline Calculations**

Based on the foregoing finding, the PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base offense level (§2D1.1) | 18 |
| Specific Offense Char. (§5C1.2) | -2 |
| Acceptance (§3E1.1) | -3 |
| Total offense level | 13 |
| | |
| Criminal History | I |
| Guidelines range: | 12 to 18 months' imprisonment |

## THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 18 MONTHS'

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

In January of 2020, Defendant was pulled over in Iowa with a vehicle chalk-full of raw marijuana and THC, therefore, a sentence of 18 months' imprisonment is

sufficient but not greater than necessary for Defendant's crime.

On January 22, 2020, Defendant was pulled over by an Iowa State Trooper. (PSR ¶ 10.) Defendant's vehicle smelled of marijuana, and in the back seat were numerous duffle bags partially covered by black cloths. (PSR ¶ 11.) Due to the scent of marijuana, Trooper Baltes searched Defendant's vehicle. (PSR ¶ 12.) Inside the duffle bags in Defendant's vehicle, law enforcement found 47,089 grams of raw marijuana and approximately 258 pounds of THC edible gummies in vacuum-sealed bags. (PSR ¶ 12; DCD 39.) Some baggies contained dryer sheets in an effort to mask the scent of raw marijuana. ((PSR ¶ 12.)

While on pretrial release, Defendant continuously violated his conditions set forth by the United States Probation Office. (PSR ¶ 7.) On October 23, 2020, Defendant tested positive for marijuana and failed to report for drug testing. (*Id.*) On January 13, 2021, Defendant provided his seventh diluted urine sample. (*Id.*) Later, Defendant admitted to using marijuana on January 21, 2021 and therefore testing positive on January 28 and February 2, 2021. (*Id.*) Defendant was referred to outpatient substance abuse treatment, but did not show for his cognitive behavioral group because he "completely forgot." (*Id.*)

Defendant clearly has a substance abuse problem, as evidence by his use after his federal indictment on drug charges (PSR ¶ 57), his use while on pretrial supervision (PSR ¶ 7), his weekly use (PSR ¶ 56), and his denial of a need for treatment (PSR ¶ 57).

Defendant was willing to transport a shocking amount of marijuana through Iowa, and therefore a guideline term of imprisonment of 18 months' is necessary to reflect the seriousness of the offense, account for Defendant's history and characteristics, promote respect for the law, and to deter Defendant's future criminal conduct.

## CONCLUSION

Based on the above, a guideline sentence achieves the goals of sentencing.

Respectfully Submitted,

Richard D. Westphal
Acting United States Attorney

By:  */s/ Mallory E. Weiser*
Mallory E. Weiser
Special Assistant United States Attorney
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mallory.weiser@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:
\_\_\_\_ U.S. Mail \_\_\_\_ Fax \_\_\_\_ Hand Delivery
 X  ECF/Electronic filing \_\_ Other means (email)
UNITED STATES ATTORNEY
By:  */s/ Mallory E. Weiser,* SAUSA